United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Kenneth M. Grose  
Natonda T. Grose  
       Debtors

Case No. 17-12139-jkf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: Stacey      Page 1 of 1      Date Rcvd: Dec 21, 2017  
Form ID: pdf900      Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 23, 2017.
```
db/jdb         +Kenneth M. Grose,    Natonda T. Grose,    1319 Foulkrod Street,    Philadelphia, PA 19124-5902
cr             +Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Se,    1451 Thomas Langston Rd.,
                 Winterville, NC 28590-8872
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Dec 22 2017 01:35:34     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA   19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 22 2017 01:34:59
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA   17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 22 2017 01:35:28     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                              TOTAL: 3
```

      ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 23, 2017                     Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2017 at the address(es) listed below:
```
              DAVID M. OFFEN    on behalf of Joint Debtor Natonda T. Grose dmo160west@gmail.com,
               davidoffenecf@gmail.com
              DAVID M. OFFEN    on behalf of Debtor Kenneth M. Grose dmo160west@gmail.com,
               davidoffenecf@gmail.com
              FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
              LEON P. HALLER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)
               lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE
               PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)
               bkgroup@kmllawgroup.com
              POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM EDWARD CRAIG    on behalf of Creditor    Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer
               Services ecfmail@mortoncraig.com,    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                              TOTAL: 8
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Kenneth M. Grose<br>Natonda T. Grose<br><br>      Debtors | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY, PURSUANT TO A TRUST INDENTURE DATED AS OF APRIL 1, 1982)<br>      Movant<br>vs. | NO. 17-12139 JKF |
| Kenneth M. Grose<br>Natonda T. Grose<br>      Debtors | 11 U.S.C. Section 362 |
| Frederick L. Reigle<br>      Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$10,409.00**, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2017 through October 2017 at $1,050.00/month<br>November 2017 through December 2017 at $1,014.00/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$10,409.00** |

2. The Debtor(s) shall cure the aforesaid arrearage in the following manner:

  a). Within seven (7) days of the Court Order approving of and/or granting this stipulation, Debtor shall file an Amended Chapter 13 Plan that provides for payment of the post-petition arrears of **$10,409.00** through the Plan, plus the pre-petition arrears;

  b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$10,409.00**, plus the pre-petition arrears;

  c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2018 and continuing thereafter, Debtor(s) shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $1,014.00 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed by Movant with its instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: December 12, 2017           By: /s/ Matteo S. Weiner, Esquire
                                  Matteo S. Weiner, Esquire
                                  KML Law Group, P.C.
                                  Attorneys for Movant

Date: 12/25/2017                  David M. Offen, Esquire
                                  Attorney for Debtor(s)

Date: 12/19/17                    Frederick L. Reigle, Chapter 13 Trustee

Case No. 17-12139 JKF　　　　　　Stipulation　　　　　　　　　　Page 3 of 3

Approved xxxSOxORDEREDxby the Court this 21st day of December, 2017. However, the court retains discretion regarding entry of any further order.

_____
United States Bankruptcy Judge
Jean K. Fitzsimon